Please return to your seats. When the District Court concluded that the 946 patent was limited to the ornamental design shown in the drawings embodied in the chair, the Court violated the most fundamental principle of design patent law, that the scope of a design patent is what's shown in the drawings. Because a design patent contains no written description of the invention, the drawings are the invention. So if you're saying, are you saying that if the claim language says what your claim language says, which is something about an ornamental design of a pattern for a chair, as illustrated in the figures, you're saying we can just ignore that phrase for a chair? And so therefore, your figures, which show a pattern disembodied from any article, thereby encompasses every article, any possible article, to which that design is applied? Well, Your Honor, I disagree with the fundamental premise of your question that the design shown in the drawings is disembodied from any article. Because if you look at the figures, for example, Figure 4, which is a side-viewed three-dimensional figure, not all of that is the ornamental design pattern. It's a panel. It's a structure that has the ornamental design pattern a part of it. The patent would not have issued if the design was disembodied from something structural. What in Figure 4 is structural, and how is it different from the other figures? I mean, I don't see how Figure 4 provides any more structure than Figures 1, 2, or 3. Well, if you look at it from the side, Your Honor, you see the portions that look like they are projecting, that are the Y, they are on something. The something has dimensions. It has width. It's structure. If you compare that to Figure 3, which is a side-view, it has dimensions. It's a three-dimensional figure. Also in Figure 2, it's a three-dimensional figure. This is a three-dimensional figure right here? No, no. That is a side-view. This is a three-dimensional figure? No, no. Figure 4 is a three-dimensional figure. That's Appendix Page 27. This is a three-dimensional figure? That's correct. That's correct. It has width. It has height. It has depth. What article of manufacture is this? To me, it is a panel. It is a structural piece that has this Y-shaped ornamental design embodied in it, attached to it. That's what the district court didn't decide, actually. The district court just said, the title of your patent is shared. Let me start from the beginning. What is the scope of your design patent, in your view? Is it any article to which this design is applied? No, it's an article that has this design as part of its structural embodiment. For example, if you had a design patent, and the drawing shows... I mean, if this water jug had this design on it, this particular pattern on it, would it infringe your design patent? If that water jug had that? It might. It might, because... Even though this is not a chair? That's correct. Okay. It might. So, what are we supposed to do? I mean, patents are supposed to have an important public notice function. Your title says, for a chair. Your claim says, for a chair. Each description of the individual figure says, for a chair, for a chair, for a chair. What are we supposed to make of that, in terms of notice to the public? Part of the public notice function, Your Honor, is practitioners understanding what the law is. If it was a utility patent, the practitioner would know the law of claim construction. If it's a design patent, the same is true. They would also know that the ordinary observer test for infringement of a design patent is the same exact test used for anticipation. Now, under In re Glavis, which is a precedential decision of this court, anticipation is determined not by the article in which the prior art design is embodied. It could be any article. And it's the same test as infringement. What about Egyptian goddess, which is the ordinary observer test? We are controlled by our NBank Egyptian goddess opinion that came out a year ago, which says, you know, is it so similar that an ordinary customer would be induced in buying a product thinking it is the patent owner's product? And, you know, I really don't, and I think we all concede that nobody would be purchasing the defendant's basket believing that it was a chair. But the design shown in the drawings is the claim, and it's not a chair. It's a structural component. If it's limited to a chair, I mean, there's no dispute here that 12B6 was correctly granted, right? Well, if the drawings, if part of the ornamental design shown in the drawings were portions of a chair, I'd agree with you. I know, but I'm saying when we read the entire patent, which includes the actual claim language associated with the figures, and the claim language refers to a chair. If we read the design patent scope the same way the district court did, that is this particular ornamental design in the context of just chairs, then there's no dispute that the 12B6 was correctly granted. Is that right? Yes, Your Honor. If you limit this patent to the ornamental design shown in a chair. And you have now a second design patent for this very pattern where the claim says for a basket. Is that right? I think they do. Okay. How come you're not using that one then against the defendant's baskets? That I can't say, Your Honor. Instead, we're using one for a chair against the defendant's baskets. Well, it's, we have to go back to the drawings. How does the law make sense? Can I ask you, why can't you say? I'm just curious. You say you can't say why the basket patent was not asserted here. Why not? I don't have that answer, Your Honor. I was not really involved in the underlying litigation. I don't have that answer. I wish I did, but I don't. Howdy. What about the, there are a number of district court cases that support, that have analyzed a legal issue of how to interpret design patent claims and the import of the language that says, for example, if it's for a chair or for a basket, identifying the article of manufacturer on which the design is located. Those cases have said that that language does have, it does have some impact when you're interpreting a claim that should be included. How do, what do you think of those cases? I don't think they apply, Your Honor. There were three cases.  And one of them was the Disney case. And why don't they apply? In each one of those cases, the article of manufacturer, to use the district court's that's listed in the patent, was part of the claim design in the drawing. So for example, in Disney, there was a duck call shown in the drawings and the duck call was part of the claim design. They found that the duck call made by the defendant was not similar enough. Why don't you depict a chair in your figures? Why don't you pick, why do you not depict the context in which the design is located? I mean, as you said earlier, it could cover a water jug. Why don't you have a context provided in your figures? I can guess from the prosecution history, Your Honor, what happened was this application was allowed on the merits. Prosecution was closed and the title of it was funky, if I can use that word. It said furniture and then in parentheses, part of, and the examiner said, that kind of doesn't make sense. How about chair? And then the patentee accepted that and then the other parts of the patent were formalized to coincide with that. But the application was allowed already. So I would think that if the patent office thought the name, the title of this application was relevant to claim scope, they would have said so. And they would have said, well, wait a minute, you don't show a chair in these drawings. Well, the ex parte quo action said the claim in a design patent must be directed to the design for an article. And then it said, you know, and it said what you've got in your application right now is too vague. And that's why the examiner tried to hopefully suggest, let's move this thing to a pattern for a chair. And that's what the applicant agreed to. So now the, and the applicant amended everything, the claim, the title, the, the, the figure description. Yes. But you have to square that, Your Honor, with the law of anticipation. When this examined, when this patent was examined. Well, is there any law out there that says in design patent land, you can get a design patent for a surface ornamentation in the abstract, such that it encompasses every possible article that might have that very surface ornamentation? No, but this is not in the abstract. And may I give an analogy? If there were a design patent and the drawing showed a piece of fabric and the accused products were boots, shoes, socks, pants, jackets, shirts that included that fabric, they infringe even though none of those things are shown in the patent drawings. Now that's your interpretation of the law. There's an counter interpretation of the law, which is that designs must be, when you're the design has to be within the context of an article of manufacture. You don't just get a design of a fabric per se, and then any, any particular kind of clothing that has that fabric then is covered by such a design patent. And actually Apple versus Samsung says that the article of manufacture need not be a complete product. The district court cited Apple versus Samsung in a footnote, really didn't apply it. And I believe this is this type of case, because it's a, it's a component. It's a structure that can be incorporated into a tabletop, a chair, or a bench, or other stuff, a basket. The problem is, is that how do I not interpret that very prosecution history that you're talking about, as instead saying, I'm going to limit your invention to a chair. Use of this panel, as you refer to it, on a chair. And that's how your claim is going to be interpreted. The case law that you're relying on, that the design patent can cover just a part of an overall device, doesn't detract from the fact that that fabric, for example, is itself an article, an article of manufacture, and probably the design patent would have referred to a fabric as being the article of manufacture. Here your patent refers to a chair. When they examine this patent, Your Honor, they examined it for anticipation and obviousness. When they examined it for anticipation, they were, they applied the same ordinary observer test you apply for infringement. However, when they looked for prior art designs, In re Glavis is very clear. It's not limited to the particular article stated in the patent. You can look at any article. So under the century old maxim, that which anticipates it before infringes it later, how could it be limited to a chair? Because that's not what's shown in the drawings, and that was not the scope of the examination for anticipation. During your rebuttal, would you like to save it? I will save it, Your Honor. Thank you. Thank you. May it please the Court. Your Honor, I'm Steve Lobville on behalf of Home Expressions. The… Do you think Glavis is still good law? The so-called Glavis rule as expressed in Glavis about how non-analogous arts can be anticipatory if the non-analogous art has the very design that's described and claimed in the design patent application? I don't know that it is or it's not. It's in the MPEP though, right? It is in the MPEP. So are you saying then that there's an MPEP provision that's invalid? I don't know the answer to that. I don't know how the PTO is actually applying Glavis in practice. Which anticipates it before and infringes it after, right? Well, you know, that's… it's an often repeated principle. Is it not true? Well, it can't be. It can't be true? It can't be true because in this case, if in fact Glavis is being applied… Well, I think the predominant principle here is what the court said in Markman, which is the claim defines the scope of the invention. That's the predominant principle I think you start with and that's what the district court did here. It started with what the claim covers. The claim as amended… I'm trying to understand Glavis right now. Yeah, I understand. Your help on Glavis. There's language of Glavis and there's the holding of Glavis. We're talking about the language, not the holding. The language of Glavis that is reflected in the MPEP, that according to that manual, all design patent examiners are supposed to follow. Yeah. What Glavis was talking about was looking… it didn't specifically address, as I view it, non-analogous art in anticipation. It looked at what use was being put to a particular design that it didn't matter. I took it as whether you're using something as a broom or a mop, it could be used for different purposes. That's the way I understood the case. I didn't understand it to say, you know, anticipation can be… My understanding of what the CCPA was trying to say in Glavis is if this very pattern that's being claimed in this design patent was, I don't know, displayed in a painting or was known in the jacket art for a pattern on a jacket, then it could be used, that jacket could be used as anticipatory prior art against this claimed design patent ornamentation, even if this design patent was restricted to this pattern for a chair. Because that's… because in Glavis' view, even though the jacket is non-analogous art, this is surface ornamentation and you can carry surface ornamentation from one non-analogous object to another non-analogous object and still anticipate. Am I misreading what Glavis was saying in that portion of the Glavis opinion? I think you're right. Okay, so what do we do with that? Well… That's what I'm asking. I think you have… I think in practice, if you look at the laws that's been applied for a hundred plus years, you have no cases, no cases supporting the appellant's argument here. Not one case can they cite in which a design patent that's for a particular article of manufacture that includes surface ornamentation or some panel or whatever it is that could be embodied in another article of manufacture of a different kind. Not one case can they cite that holds that that's an infringement. That's certainly not… That's not in the doctrine of this court. Egyptian goddess doesn't hold that. The Supreme Court case… So then what do we do with our mutually agreed upon understanding of Glavis now that we live in an Egyptian goddess world? Are those two cases reconcilable? That's what I'm trying to figure out for you. I think, yeah, the language of Glavis is in conflict with the law as applied by this court and the Supreme Court and at least the three district courts that have confronted the exact same issue. I would concede that. They're in conflict. Can I ask you, do you think this problem that we have here, where there's, if you will, a disconnect between the written part of the claims and the drawings and the disconnect between the title and all of that, do you think that happens often? I mean, because I don't necessarily… I don't know whether it happens often. It seems to me it might not because lots of times the drawings will depict, even if in dot, dot, dot lines, they'll depict the context in which the design is located. Yeah, I think that's right. I think it doesn't come up that often. Again, from my perspective as an advocate, I think it's an extreme position to argue that what's shown in a figure, if it's just a panel, some portion of the article of manufacture, it's an extreme position to say, well, that defines the claim. Forget about what, that defines the invention, that defines the scope of the claim. Forget about the article of manufacture. Forget about what I said in the description that the different views of the patent show. I think that's an extreme position. And so, that's why I don't think it comes up. What about Pacific Coast, which seems to talk in very direct and clear terms that when it comes to understanding the scope of the design patent, you look just at the drawings. It doesn't say anything, or at least I don't think I saw anything that said you look at the drawings in combination with any claim language. Yeah, I don't read it that way. I think what it says is you look at, in that particular case, you had a windshield, a marine windshield was the article of manufacture in a boat that used a windshield that was accused of infringement. Actually, there were multiple patents. So, we didn't have the issue that we have here. We didn't have an abstract design disembodied from any article of manufacture. That's right. That's right. Nobody argued that. There was an issue under 289 of what damages were, what the scope of the remedies were, but you were comparing an article of manufacture against a patent for that article of manufacture. What the court said, what this court said, was that you look at the drawings, certainly to determine what the design is. Of course you do that. But there wasn't this threshold issue of this being raised here, which is can you have a patent directed to one article of manufacture being infringed by something that's totally different. So, that's why I think that case really doesn't help or hurt. I think it helps in the sense of it was a prosecution history estoppel case involving a design patent. In a case of first impression, this court decided that prosecution history estoppel can apply. Looked at what happened in prosecution and saw that there was an amendment to the claim. Initially, there were multiple embodiments of the invention. There was a restriction and the claim had to be amended in light of that restriction. And the court took that into account in determining that amendment to the claim took that into account in determining that prosecution history estoppel in fact applied. And that's exactly what happened here. There weren't amendments to the drawings, but there was an amendment to the claim that instead of saying furniture, it said furniture or part of a furniture patent office said that's not specific enough. The applicant amended said it's a pattern for a chair. So, there's an amendment. And it's a public notice issue. Why isn't that specific enough? I understand that that's not what happened here, but why couldn't you get a patent on a design used in any kind of furniture or even home accessory? Well, I'm not sure. I mean, the actions of the patent office here requiring them to make it more specific to a specific article of manufacture, maybe that's what it requires. When it says article of manufacture, it means discrete things. But I don't know why it couldn't be this design on any category of furniture. If that was the case, then you'd have a problem, right? Because, well, I guess we'd be into a question of whether baskets are furniture or not. Putting that aside. But that's not the issue in this case because the patent office objected and then they complied by changing it to a specific article of manufacture, namely a chair. Maybe the patent office should have made them put in a picture of a chair, too, to make it clear that that's what they were claiming. But do you see any legal reason why, if you wanted a broader patent on this design, this structural design for all types of furniture, you couldn't get it? Yeah. Again, I think this goes to the examination process that I'm not that familiar with. I know this much. I'm not asking you about this specific examination process. I'm just thinking in terms of, as a matter of law, is there something in the words articles of manufacture that makes an applicant specify discrete, specific articles like chair, ottoman, basket? Or could they just say all furniture and home accessories? Yeah. I don't know the answer to that. I think it's probably... Do you think... I'm sorry, Your Honor. It's because examiners need to somehow confine their prior art search. And so that's why they look... that's why they want something reduced down to something that's workable, like maybe chairs, or maybe ottomans, or maybe something else. And it's not... And so therefore, they don't want to have a prior art search that goes to everything and anything. And they have to look at a million catalogs for a million different things. I think that's probably a part of it. I've thought about it in that way, limiting the scope of the search. I've also thought about it in the way that just like apparently happened here, the patent office wants money, a fee, for each article of manufacture, how they define articles of manufacture. And so if you want one for a chair, you've got to pay us a fee for that. If you want one for a basket, you've got to pay us another fee for that. You're not going to get both in one application. Any other questions? Thank you. I think... Just two minutes. I'll be very quick. It won't even be two minutes, Your Honor. The answer to your question is GLAV is still the law. We cited two Northern District of Illinois cases that applied it to anticipate patents where the articles of manufacture were very different. You asked whether the concept of that which anticipates it before infringes if later is still the law. The 2009 International Seaway Trading Corp case of this court says it applies in the design patent context. Cases such as Egyptian Goddess, Pacific Coast, In Ray Daniels, all say the claim is the drawing and there is no written description of the invention and design patents. Section 289 of the patent statute which we cited says that if the patented design or any colorable imitation thereof is applied to any article of manufacture, not just the one listed in the patent or in the title, there's an infringement remedy. The NPEP which we cited, Section 1504.041A, says that the title of a design patent is not limiting on claim scope. And finally, Your Honor, just like you can go and buy a lattice structure in Home Depot or something and use it to build other things, this is a structure that's shown in the drawings. It's not disembodied from the design. They are part and parcel and integrated together. Thank you.